O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DEBTOR, PELI POPOVICH HUNT<br><br>PELI POPOVICH HUNT, an individual and trustee of the trust,<br><br>            Plaintiff,<br><br>  v.<br><br>ELISSA D. MILLER, PETER P. ANDERSON,<br><br>            Defendants. | Case No. CV 15-09342 DDP<br>BK Case No. 2-11-bk-58222 ER<br><br>**ORDER DENYING APPEAL AND AFFIRMING BANKRUPTCY COURT'S DECISION**<br><br>[Dkt. 9] |

    Presently before the Court is Debtor Peli Popovich Hunt's appeal from the bankruptcy court's November 15, 2015 Order granting Motion Under Local Bankruptcy Rule 2016-2(f) for Approval of a Cash Disbursements By the Trustee ("Disbursement Order"). (Appellant's Excerpts of Record ("ER") 141-144.) Having considered the parties' submissions, the Court denies the appeal, affirms the Bankruptcy Court's decision, and adopts the following Order.

**I. BACKGROUND**

    **A.    Bankruptcy Proceedings to Date**

    The court assumes the parties' familiarity with the general background that gives rise to this action and will recount facts only as needed to resolve this particular appeal. In brief, Appellant Peli Popovich Hunt (Debtor) was a self-employed individual whose primary business activities included investing and leasing real property and managing her late husband's medical corporation. In 2011, after her husband's death, a group of doctors (Doctor Creditors) who worked for the medical corporation sued Debtor, as heir to her husband's estate, in a state court action. In re Hunt, No. 2:12-CV-08439-MMM, at *2,*3 (C.D. Cal. Jul. 25, 2012). As a result of this action, the Doctor Creditors secured a judgment for $3,509,617. Id.

    Shortly after judgment, Debtor filed for Chapter 11 bankruptcy protection. In March 2012, the bankruptcy court appointed Elissa Miller (Trustee) as the Chapter 11 trustee. Id. at *3,*7. After determining there was no remaining business to reorganize, the Trustee successfully moved to convert the case into a Chapter 7 proceeding. Id. at *7-8.

    When the bankruptcy proceedings first began, Debtor included among her assets a property located in Torrance, CA (Torrance Property) and a property located in Glendale, CA (Glendale Property). Id. at *6. After the case was converted into a Chapter 7 bankruptcy, Debtor attempted to amend those lists in order to remove the Torrance Property and Glendale Property. Id. at *7-8.

    In August 2012, Trustee moved to sell the Torrance Property. Id. at *8-9. In opposition to the motion to sell the property,

Debtor argued that the Torrance Property was held in trust (the Hunt Trust) and could not be sold. (ER 154-155.) After a hearing, the bankruptcy court found that the property did in fact belong to the estate and ordered its sale. In re Hunt, No. 2:12-CV-08439-MMM at *8 (C.D. Cal. Jul. 25, 2012). Debtor appealed from the decision and the decision was then affirmed by the United States District Court for the Central District of California. See generally id. Despite this adjudication, Debtor maintains that the Torrance Property was impermissibly sold and is not property of the estate.[1] (Appellant's Opening Br. at 24.) The decision of the District Court is now pending before the Ninth Circuit Court of Appeals. In re Hunt, No. 2:12-CV-08439-MMM (C.D. Cal. Jul. 25, 2012), appeal docketed, Nos. 14-56390, 15-55619 (9th Cir. Oct. 21, 2015).

**B. The Texas Properties and Mediation**

In addition to the Torrance and Glendale properties, Trustee also discovered that Debtor did not disclose certain other assets. In re Hunt, No. 2:12-CV-08439-MMM at *6-7 (C.D. Cal. Jul. 25, 2012). Among Debtor's unreported assets, Trustee discovered three properties located in Texas that Debtor conveyed to her two brothers less than six months prior to filing for Chapter 11 protection ("Texas Properties"). (ER 23.)

Upon identifying the Texas Properties, Trustee attempted to recover the assets or their value by commencing avoidance actions against Debtor's brothers. (ER 23.) Summary judgment was granted

---

[1] Much of Debtor's argument in this Court regarding the bankruptcy court's order granting the use of estate funds for a mediation centers on her belief that the Torrance Property is not an asset of the estate. This issue is discussed in greater detail below.

3

against one brother, who has since appealed the decision (Miguel Popovich Case), and trial was set for the other brother (Gaston Popovich Case). (Id.) In order to avoid costly litigation fees, and despite the fact that mediation failed once before, the Trustee and Debtor's brothers decided to attempt mediation again. (Id.) In order to pay the estate's portion of the mediation fees, $5,235.00, the Trustee filed a motion for approval of cash disbursements under Local Bankruptcy Rule 2016-2 (LBR 2016-2) on October 27, 2015. (Id.) In her Opposition, Debtor argued that the cash disbursement should be denied because the funds acquired from the Torrance and Glendale properties are not part of the estate. (ER at 35.) According to Debtor, the funds belong to the Hunt Trust, and could not be used to pay the estate's obligations. (Id.) at 35, 142. On November 18, 2015, the bankruptcy court granted the motion for disbursement. (Id.) at 142. Debtor did not seek a stay of the order. Mediation subsequently occurred and was successful. (Appellee's Opp'n Br. at 13-14.) Debtor now appeals the bankruptcy court's order granting the cash disbursement to this Court.

**II. LEGAL STANDARD**

Under 28 U.S.C. § 158(a), federal district courts have jurisdiction to review appeals from final orders and judgments of bankruptcy courts. In general, the bankruptcy court's conclusions of law are reviewed de novo, while its findings of fact are reviewed for clear error. Salazar v. McDonald (In re Salazar), 430 F.3d 992, 994 (9th Cir. 2005); Fed. R. Bankr. P. 8013. In addition, a bankruptcy court's determination as to whether property is included in the bankruptcy estate under 11 U.S.C § 541 and may be

4

used to pay the fee of a mediation is a question of law which is reviewed de novo. In re Dettman, 84 B.R. 662 (9th Cir. BAP 1988).

**III. DISCUSSION**

The primary issue on appeal is whether the bankruptcy court properly allowed disbursement of $5,235 from the estate's funds to pay for a mediation between the estate and Debtor's brothers. In a footnote, however, Trustee raises a concern that the appeal may be equitably moot because Debtor failed to seek a stay of the bankruptcy court's decisions. (Appellee's Opp'n Br. at 13-14, n.11.) While equitable mootness is a prudential doctrine rather than a jurisdictional bar, the court considers whether this case presents circumstances in which the court should "elect[] not to reach the merits of a bankruptcy appeal." In re Transwest Resort Properties, Inc., 801 F.3d 1161, 1167 (9th Cir. 2015).

    **A.   Equitable Mootness**

A court may decline to review a bankruptcy appeal if it "present[s] transactions that are so complex or difficult to unwind that the doctrine of equitable mootness would apply." In re Thorpe Insulation Co., 677 F.3d 869, 880 (9th Cir. 2012) (citing Lowenschuss v. Selnick, 170 F.3d 923, 933 (9th Cir. 1999). In determining whether an issue is equitably moot, the court first looks at whether a stay was sought, "for absent that a party has not fully pursued its rights." Id. at 881. If a stay was sought and not granted, the court should consider 1) "whether substantial consummation of the plan has occurred," 2) "the effect a remedy may have on third parties not before the court," and 3) "whether the bankruptcy court can fashion effective and equitable relief." Id.

5

Although a failure to seek a stay may render an appeal moot, the Ninth Circuit has cautioned that not every bankruptcy appeal requires " elevat[ing] expediency over the justice of the situation." Id. at 881. If a case presents claims that can be remedied by "some reasonable means," it would "be inequitable to dismiss the case on equitable mootness grounds" simply because some intervening transactions have taken place. Id. "The failure to gain a stay is one factor to be considered in assessing equitable mootness, but is not necessarily controlling." Id.

Trustee in this case argues that Debtor's failure to seek a stay "most likely renders the appeal moot." (Appellee's Opp'n Br. at 14, n.11.) Trustee also argues that she "cannot go back in time and unwind the mediation demonstrating that the case involves transactions 'so complex or difficult to unwind.'" (Id.) However, Trustee's argument does not meet "the heavy burden of establishing that there is no effective relief remaining for a court to provide." Suter v. Goedert, 504 F.3d 982, 986 (9th Cir. 2007). The only transaction Debtor seeks to undo in this appeal is a single payment for services rendered. Further, this Court could readily afford complete relief with an order requiring repayment of the mediation fee. See In re Mortgs. Ltd. 771 F.3d 1211, 1218 (9th Cir. 2014) (holing that the most important consideration in deciding whether an appeal is equitably moot is "whether the bankruptcy court on remand may be able to devise an equitable remedy"). In the range of transactions that might arise from a bankruptcy proceeding, the relatively simple facts of this case do not appear to satisfy the level of complexity required for equitable mootness to apply. Indeed, the Ninth Circuit has previously held that

"[e]ven if the plan has been substantially consummated, because [the] claim is only for monetary damages . . ., this is not a case in which it would be impossible to fashion effective relief." See In re Sylmar Plaza, L.P., 314 F.3d 1070, 1074 (9th Cir. 2002). Here, where the only request for relief is also for monetary compensation, the court proceeds to consider the merits of the appeal."

    **B.    Disbursement Order**

Debtor's primary challenge to the bankruptcy court's disbursement order is that the money came from the sale of the Torrance Property–a property that belonged to the Hunt Trust and could not be sold to pay her estate's obligations. (Appellant's Opening Br. at 24.) As noted above, the bankruptcy court's order approving the sale of the Torrance Property has already been affirmed and is not properly before this Court. Assuming, as we must, that the Torrance Property was validly sold, Debtors collateral attacks in this proceeding cannot be considered to invalidate the disbursement order. See Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) ("[I]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decisions are to be respected."). The only question properly before the court is whether LBR 2016-2 permits a bankruptcy court to order for $5,235 be spent from estate assets to pay for a mediation.

LBR 2016-2 (f) permits the "employment of paraprofessionals and payment of paraprofessional fees and expenses, provided that the trustee "obtain[s] court approval to employ and to pay a

7

paraprofessional." Further, LBR 2016-2 (g) provides general authority for cash disbursements for "any and all other expenses the trustee deems necessary for the effective administration of the case." Aside from court approval, the Local Bankruptcy Rules only require that the "trustee deems [the disbursement] necessary for effective administration of the case." LBR 2016-2 (g)(1).

Debtor does not appear to challenge the actual substance of the disbursement determination. Nonetheless, conducting de novo review, the court finds that the order was consistent with the requirements of the local bankruptcy rules. Here, the Trustee determined that defending the appeal of the Miguel Popovich Case would be "costly" and that "the cost to conduct trial against Gaston Popovich will also be high." (ER at 25.) Additionally, the Trustee explained the chosen mediator was known to be effective and would likely assist in the effective resolution of the dispute. (Id.) These considerations counsel in favor of attempting mediation before undertaking the costs of litigation, and the success of the mediation only serves to underscore that point. The bankruptcy court appropriately approved the disbursement motion.

**IV. CONCLUSION**

For the foregoing reasons, the order of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

Dated:   September 9, 2016

DEAN D. PREGERSON
United States District Judge

8